United States District Court
Southern District of Texas
**ENTERED**
March 11, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PI DATA CENTERS PVT. LTD., | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-22-3947 |
| HPE ENTERPRISES COMPANY, | § § § | |
| Defendant. | § § § | |

**MEMORANDUM AND OPINION**

The plaintiff, Pi Data Centers Pvt. Ltd., is a corporation based in India that "provides cloud computing and data services and infrastructure in both the public and private sector." (Docket Entry No. 21 ¶ 5). Pi Data entered into an agreement with K Computers, a "partner" of Hewlett Packard or one of its subsidiaries, Hewlett Packard India Pvt. Ltd., to provide cloud computing infrastructure and technology to the State of Andhra Pradesh. (*Id*. at ¶ 6, 7). Pi Data alleged that K Computers and Hewlett Packard India violated sections of Hewlett Packard's Partner Code of Conduct and Anti-Corruption Policy (the "Code"). (*Id.* at ¶¶ 15–32). The Code included standards for Hewlett Packard's international partners' business conduct, including being fair and ethical in business practices, following transparency in billing, maintaining accurate books and records, engaging in a high standard when dealing with government officials, and complying with local laws. (*Id.* at ¶ 8).

Pi Data alleges that it informed Hewlett Packard about the Code violations by K Computers and Hewlett Packard India. (*Id.* at ¶ 11). The alleged violations included "deliberately providing false information regarding the [Andhra Pradesh] Government's cloud computing needs and

requirements"; "making false demands and claims for payment" through K Computers; failing to "maintain accurate books and records"; "failing to invoice properly []or overcharging"; and failing to "act with highest integrity in dealing with public sector offices and agencies." (*Id.* at ¶ 10). Pi Data alleges that in response to its reports of Code violations, Hewlett Packard agreed to investigate. (*Id.* at ¶ 11). In June 2022, Hewlett Packard told Pi Data that it had taken the necessary steps to address Pi Data's concerns and closed the matter. (*Id.* at ¶ 12). Pi Data alleges that despite this assurance, K Computers continued to claim that it was owed additional amounts, which Pi Data disputed. (*Id.* at ¶ 13). Pi Data alleges that despite its disagreement over the amounts K Computers was charging, it paid K Computers the full amount claimed to settle the matter. (*Id.*). Pi Data alleges that despite the full payment, it continued to be involved in insolvency litigation with K Computers. (*Id.*).

Pi Data alleges that Hewlett Packard failed to enforce its Code as it represented it would. (*Id*. at ¶¶ 8–14). Pi Data alleges that it is "within the realm of persons to whom a reasonably foreseeable duty of care is owed by" Hewlett Packard. (*Id.* at ¶ 16). Namely, a duty to enforce the Code and to "reform the unethical business practices actions of its partners that cause damage to those who do business with [Hewlett Packard's] affiliates and partners." (*Id.* at ¶ 16). Pi Data alleges that as a result of Hewlett Packard's failure to take corrective action against K Computers's misconduct by enforcing the Code standards, Pi Data suffered "financial and reputational harm." (*Id*. at ¶¶ 14, 19). Pi Data alleges that it has "suffered a diminution in the value of the enterprise in excess of $50,000,000 due to [Hewlett Packard]'s failure to intercede and enforce its Code . . . ." (*Id*. at ¶ 19). Pi Data alleges that it entered the contract with K Computers relying on the representations Hewlett Packard made about its commitment to ethics and anti-corruption. (*Id*. at ¶ 27). Pi Data seeks actual and exemplary damages and attorney's fees. (*Id*. at ¶ 33).

The court denied in part and granted in part Hewlett Packard's motion to dismiss the original complaint without prejudice. (Docket Entry No. 17). Pi Data filed its first amended complaint, alleging that the Code statements were material and actionable misrepresentations about Hewlett Packard's commitment to the Code. (Docket Entry No. 21). Hewlett Packard again moved to dismiss. (Docket Entry No. 25). Having reviewed the motion, the response, the reply, the first amended complaint, and the applicable law, the motion is granted, with prejudice to refiling because further amendment would be futile.

The reasons for this ruling are set forth below.

I. **The Legal Standard**

A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff "fails to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). "[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the

3

complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

A court may "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001) (internal quotation marks omitted). Consideration of documents attached to a defendant's motion to dismiss is limited to "documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A&M. Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). The court may consider these extrinsic materials without converting to a summary judgment motion. *See Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988) (quoting 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (1969)).

When a complaint fails to state a claim, the court should generally give the plaintiff a chance to amend before dismissing the action with prejudice, unless amendment would be futile. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329–30 (5th Cir. 2002). Amendment is futile if an amended complaint would still fail to state a claim. *See Mandujano v. City of Pharr, Texas*, 786 F. App'x 434, 438 (5th Cir. 2019); *Bernegger v. Dep't of Revenue*, 785 F. App'x 209, 211 n.1 (5th Cir. 2019).

**II.     Analysis**

In its amended complaint, Pi Data alleges that Hewlett Packard made numerous material misrepresentations about its commitment to enforce its Code; that it failed to exercise reasonable care in making these representations, and that Pi Data has suffered damages as a direct and proximate result of these misrepresentations. Pi Data cites a statement by Hewlett Packard in the Code that "[o]ur corporate values, policies, and training courses set clear expectations for employees, and demonstrate our commitment to the highest ethical standards. We are responsible

for our actions, accountable for their consequences, and serious about our efforts." (Docket Entry No. 21 at ¶ 24). Pi Data also cites a statement that Hewlett Packard would "respond swiftly to violations and have systems in place for reporting and resolving ethical concerns, in line with our policies and local laws." (*Id.*). Another statement cites Hewlett Packard's inclusion of anti-corruption terms and conditions in its contracts with third parties, and that it had an internal investigation team to respond to allegations of corruption. (*Id.*). The question is whether these allegations adequately state a claim for negligence, negligent misrepresentation, and breach of fiduciary duty.

One threshold point: Pi Data argues that the "law of the case" precludes the court from reconsidering its prior finding that the original complaint sufficiently pleaded claims for negligence and breach of fiduciary duty, as well as considering whether the amended complaint adequately pleads negligent misrepresentation. (Docket Entry No. 27 at 14–16). Hewlett Packard has moved to dismiss all the claims asserted in the amended complaint. (Docket Entry No. 25). This court is not precluded by the law of the case or preclusion from considering whether the amended complaint adequately states claims for relief for negligence, negligent misrepresentation, or breach of fiduciary duty.

The elements of a negligence claim under Texas law are: (1) a duty owed by the defendant to the plaintiff, (2) that is breached, and (3) that proximately causes damages. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). The negligent act that Pi Data alleges is Hewlett Packard's failure to investigate Pi Data's allegations about improper billings by K Computers that resulted in the pay dispute between Pi Data and K Computers. The allegations, however, are that Hewlett Packard did investigate and determined that no additional steps on its part were necessary. Pi Data disagreed. These allegations do not state a claim for breach of a duty that Hewlett Packard owed

to Pi Data.[1]

Second, Hewlett Packard's statements in the Code did not give rise to a fiduciary duty to Pi Data. The formal fiduciary relationships are limited; one example is that between a trustor and trustee. No formal fiduciary duty is present here. Pi Data alleges an informal fiduciary duty, but that duty is rarely imposed in a contractual business relationship. Texas courts do not create such a relationship lightly. *See Thigpen v. Locke*, 363 S.W.2d 247, 252–53 (Tex. 1962). To impose a fiduciary relationship arising from a business transaction, the relationship "must exist prior to, and apart from, the agreement made the basis of the suit." *See Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 280 (Tex. 1995). There is no allegation of a prior fiduciary relationship between Pi Data and Hewlett Packard. The breach of fiduciary duty claim is dismissed.

The negligent misrepresentation claim fares no better. The elements of negligent misrepresentation under Texas law are that: "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining and communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d 347, 357 (5th Cir. 1996) (internal quotation marks omitted). "[N]egligent misrepresentation require[s] that the plaintiff show actual and justifiable reliance." *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010).

---

[1] The parties dispute whether, on a motion to dismiss, the court can consider emails that Pi Data cited in the amended complaint and that Hewlett Packard referred to in its motion to dismiss. The emails show that after Pi Data reported its disputes with K Computers, Hewlett Packard investigated "in depth" and had taken "all the necessary steps to address the concerns [Pi Data] ha[d] raised." (Docket Entry No. 25-1). Because Pi Data cited the emails in its amended complaint, and because they are attached and discussed by Hewlett Packard in its motion to dismiss, the court may properly consider them in determining the sufficiency of Pi Data's claims for relief.

"[T]o make out a valid claim for negligent misrepresentation, Plaintiffs must allege facts that support the elements of the claim." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 605 (N.D. Tex. 2014).

The court previously dismissed Pi Data's negligent misrepresentation claim because the original complaint failed to allege what statements were false. (Docket Entry No. 17). In its amended complaint, Pi Data alleges various Code statements on which it allegedly relied in deciding to contract with K Computers. Pi Data alleges that these statements "imply a high standard of ethics and responsibility," but that in reality, Hewlett Packard's statements were "merely aspirational." (Docket Entry No. 21 at ¶ 23) (internal quotation marks omitted).

Pi Data claims that these statements were false because the company had no intention of enforcing the standards set out in the Code. (*Id.*). However, Pi Data makes no showing that the statements were false when made because Hewlett Packard knew that, or was negligent as to whether, it would take no steps to implement its Code as to K Computers.[2] Pi Data alleges that "[b]ecause [Hewlett Packard] either knowingly or recklessly makes each of the foregoing representations without any intention to hold itself or any of its partners to the enunciated standards, the statements are misrepresentations, and they are stated with reckless disregard for their accuracy." (Docket Entry No. 21 ¶ 25). But this is conclusory. Though Pi Data's amended complaint includes additional statements from Hewitt Packard, it fails to allege facts that could establish that the challenged statements were false.

For a negligent misrepresentation claim to succeed, the challenged statements must

---

[2] Pi Data's only attempt to support its allegation that these statements were false when made is by pointing to Hewlett Packard's motion to dismiss the original complaint. (Docket Entry No. 9). In that motion to dismiss, Hewlett Packard called some of these policies "aspirational." (*Id.*; Docket Entry No. 21 ¶ 25). This language does not show that Hewlett Packard intended to allow its "partners" to violate the Code or knew that they would do so.

7

concern an existing fact, not future conduct. "[T]he false information contemplated in a negligent misrepresentation case must be a misstatement of an existing fact rather than a promise of future conduct." *Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no pet.) (internal quotation marks omitted); *see also Clardy Mfg.*, 88 F.3d at 357. Hewlett Packard's alleged statements that it would investigate reports that its partners were not following the Code and would take appropriate action are inactionable statements about future conduct. In addition, the amended complaint does not allege facts showing that Hewlett Packard made the statements with knowledge that they were false or with reckless disregard as to whether they were false. The negligent misrepresentation claim is dismissed, with prejudice, because amendment would be futile.

### III. Conclusion

Hewlett Packard's motion to dismiss, (Docket Entry No. 25), is granted. Pi Data's claims are dismissed with prejudice because amendment would be futile. Final judgment will be entered separately.

SIGNED on March 11, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge