IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PI DATA CENTERS PVT. LTD., | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-22-3947 |
| | § | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | § § § | |
| | § | |
| Defendant. | § § | |

# ORDER

In March 2024, the court granted Hewlett Packard Enterprise Company's motion to dismiss Pi Data Centers Pvt. Ltd.'s first amended complaint and entered a final judgment dismissing the case with prejudice. (Docket Entry Nos. 31, 32). The court ruled that Pi Data failed to state a negligence claim against Hewlett Packard because it did not allege facts allowing a reasonable inference that Hewlett Packard owed or breached the duty that Pi Data alleged or that Hewlett Packard had been negligent. (Docket Entry No. 31 at 5–6). The court also ruled that Pi Data failed to state a negligent misrepresentation claim because it did not allege facts allowing for the conclusion that Hewlett Packard made statements that "were false when made because Hewlett Packard knew that, or was negligent as to whether, it would take no steps to implement its Code as to K Computers." (*Id.* at 7). Finally, the court ruled that the alleged false statements on which Pi Data's claims were based were unactionable because they concerned future conduct. (*Id.* at 7–8).

Pi Data has timely moved to amend or alter the final judgment and for reconsideration of the court's memorandum and opinion under Federal Rules of Civil Procedure 59(e) and 60.

(Docket Entry No. 33). Pi Data argues that the court, in considering emails attached to Hewlett Packard's motion to dismiss, improperly converted the motion to dismiss into a motion for summary judgment without giving Pi Data an opportunity to present countervailing evidence. (Docket Entry No. 33 at 8–9). Pi Data argues that the emails the court considered are "false and misleading." (*Id.*). Finally, Pi Data argues that the court's memorandum and opinion on Hewlett Packard's first motion to dismiss—in which it partially granted and partially denied the motion and ruled that Pi Data had adequately alleged the element of duty—supports relief from the final judgment under Rule 60(b)(6). (*Id.* at 11–12).

Pi Data's motion is without merit. As the court explained in its memorandum and opinion granting the motion to dismiss, the emails that Pi Data objects to were properly before the court without converting the motion to dismiss into a motion for summary judgment. (Docket Entry No. 31 at 6 n.1). And the court is not persuaded by Pi Data's argument that the authorship of the emails makes them hearsay or nonprobative. (Docket Entry No. 33 at 7–8). Finally, even if the emails were disregarded, there would still be no basis in the amended complaint or any evidence properly before the court for inferring that Hewlett Packard owed or breached the duty that Pi Data alleged.

Pi Data's motion to amend or alter the final judgment is denied. (Docket Entry No. 33).

SIGNED on April 24, 2024, at Houston, Texas.

 

_____
Lee H. Rosenthal
United States District Judge